This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                             **NO. 31,368**

**CARLOS H.,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Child appeals from a district court order entered after he was adjudicated a

delinquent child, based on graffiti. We issued a calendar notice proposing to affirm. Child has responded with a memorandum in opposition and a motion to amend the docketing statement. We deny Child's motion to amend the docketing statement, and we affirm the district court judgment.

**Motion to Amend**

Child has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds*, *as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Child seeks to add the issue of whether the district court erred in denying his

motion to suppress based on an alleged delay in providing him his *Miranda* rights and otherwise informing him of his rights as a juvenile to remain silent. [MIO 7] The New Mexico Children's Code provides, as is relevant to this case:

> C. No person subject to the provisions of the Delinquency Act who is alleged or suspected of being a delinquent child shall be interrogated or questioned without first advising the child of the child's constitutional rights and securing a knowing, intelligent and voluntary waiver.
>
> D. Before any statement or confession may be introduced at a trial or hearing when a child is alleged to be a delinquent child, the state shall prove that the statement or confession offered in evidence was elicited only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained.
>
> E. In determining whether the child knowingly, intelligently and voluntarily waived the child's rights, the court shall consider the following factors:
>> (1) the age and education of the respondent;
>> (2) whether the respondent is in custody;
>> (3) the manner in which the respondent was advised of the respondent's rights;
>> (4) the length of questioning and circumstances under which the respondent was questioned;
>> (5) the condition of the quarters where the respondent was being kept at the time of being questioned;
>> (6) the time of day and the treatment of the respondent at the time of being questioned;
>> (7) the mental and physical condition of the respondent at the time of being questioned; and
>> (8) whether the respondent had the counsel of an attorney, friends or relatives at the time of being questioned.

NMSA 1978, § 32A-2-14 (2009).

In *State v. Javier M.*, 2001-NMSC-030, 131 N.M. 1, 33 P.3d 1, the Court

addressed several aspects of Section 32A-2-14. The Court held that the section is triggered when a child is subjected to investigatory detention such that he or she is not free to leave. *Id.* ¶¶ 37-38. "The statute's protections . . . do not apply when a child, not subject to investigatory detention, answers general on-the-scene questions or when the child makes a voluntary statement." *Id.* ¶ 40. We conclude that the current situation, as minimally described in the memorandum [MIO 2] and the docketing statement [DS 3], did not constitute an investigatory detention, but merely on-the-scene questions. Under Child's analysis [MIO 7-11], the officers would have had to immediately provide Child his rights when the officers came to Child's front door. [DS 3] As the district court determined, the encounter was not coercive up to the point where the officer noticed the smudges on Child's arm and saw that his shoes matched the prints leaving the scene. Accordingly, we conclude that this issue is not viable.

**Motion for Mistrial**

Child continues to argue that the trial court erred in refusing to grant a mistrial when a witness testified to her belief that Child was a gang member. Child was charged with four counts of unauthorized graffiti after the Bloomfield Police Department (BPD) found a number of markings stating "BPL 27," or the like. [MIO 2] During her testimony, BPD Officer Tina Adair stated that Child was a gang

4

member, based on information on a BPD database. [MIO 3] This database was maintained by another officer, and Child objected on hearsay grounds. [MIO 3, 5;DS 3] The district court ruled that Officer Adair could only testify about gang affiliation if she had personal knowledge. [MIO 3; DS 3] She then resumed her testimony, stating that she had personal knowledge of Child's gang affiliation based on the database. [DS 3] The district court denied the motion for mistrial, but promptly gave a curative instruction to the jury. [MIO 3;DS 3-4]

We review the district court's ruling for an abuse of discretion. *See State v. Gonzales,* 2000-NMSC-028, ¶ 35, 129 N.M. 556, 11 P.3d 131. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

Although Child continues to maintain that the limiting instruction could not overcome the prejudice of this testimony, we do not believe that the district court acted outside of its discretion in denying the mistrial. We first note that there is no indication that the improper statement resulted from any misconduct by the prosecutor. *See State v. Simonson,* 100 N.M. 297, 301, 669 P.2d 1092, 1096 (1983)

5

(distinguishing a case in which a prosecutor deliberately asked a question in order to elicit improper evidence).  Moreover, "[t]he overwhelming New Mexico case law states that the prompt sustaining of the objection and an admonition to disregard the answer cures any prejudicial effect of inadmissible testimony." *Gonzales*, 2000-NMSC-028, ¶ 37 (internal quotation marks and citation omitted).  We also disagree with Child's claim that the gang affiliation was the only evidence linking him to the graffiti.  To the contrary, the evidence to support the graffiti charges was significant, with the trail of Child's shoe imprint leading to his front door, and with Child bearing smudges of spraypaint on his arms. [DS 3] *See State v. Trujillo*, 2002-NMSC-005, ¶ 45, 131 N.M. 709, 42 P.3d 814 ("Although the statement may have had some prejudicial effect, Defendant has not demonstrated that had this statement not come in, the result of the proceeding would have been different.").

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**